# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-290-RJC

| | |
|---|---|
| JERMAINE CADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| JACK W. STEWART, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on what Plaintiff has asserted is a civil action under 42 U.S.C. § 1983. (Doc. No. 1). According to the website of the North Carolina Department of Public Safety ("DPS"), Plaintiff is a state prisoner convicted on October 1, 2009, and is serving a 14-year term of imprisonment with a projected release date of May 21, 2021.

In his complaint, Plaintiff alleges that he was arrested by deputies from the Buncombe County Sheriff's Department and charged with drug trafficking crimes. Plaintiff retained attorney Jack Stewart to represent him and Mr. Stewart was informed of a plea offer by the Buncombe County District Attorney's office. (Id. at 4-6). According to the complaint, the agreement provided that Plaintiff would enter a plea of guilty to two counts of trafficking in controlled substances which would run concurrently. Plaintiff contends that Mr. Stewart failed to timely communicate this offer to him and it later expired. Nevertheless, it appears Plaintiff still chose to enter pleas of guilty to two charges of drug trafficking. Plaintiff was sentenced to consecutive terms of imprisonment totaling 14 years rather than the 7-year term which he contends he was promised by Mr. Stewart. (Id. at 9-10).

It appears from the complaint that Plaintiff has pursued a motion for appropriate relief

1

("MAR") in state court arguing ineffective assistance of counsel and misconduct by the deputies who conducted the investigation that led to his arrest. According to the complaint, the MAR was denied by the trial court and the North Carolina Court of Appeals denied his petition for a writ of certiorari. (Id. at 2).

Plaintiff's claim is one that challenges his conviction and sentence in state court which is a claim the Court finds is only actionable through filing a petition for habeas corpus under 28 U.S.C. § 2254. In Heck v. Humphrey, 512 U.S. 477 (1994), the Court held that claims in a § 1983 action are barred if the success of the action would imply that the Plaintiff's convictions were invalid. 512 U.S. at 486-87) ("Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidation of his conviction or sentence; if it would the complaint must be dismissed."). It is clear that Plaintiff's allegations regarding the search of his residence, the drug evidence presented against him and his attorney's performance are efforts to attack the validity of his conviction and sentence. There is no question that Plaintiff is incarcerated on the drug trafficking charges, and it appears from his complaint that his convictions have not been set aside or vacated.

However, before the Court may re-characterize Plaintiff's complaint as a petition for habeas corpus, it must notify Plaintiff of the difficulties he will face if he wishes to later file another habeas petition and give him an opportunity to contest the re-characterization or withdraw his complaint. Castro v. United States, 540 U.S. 375, 382 (2003); Rivenbank v. Virginia, No. 08-1395, 2008 WL 5424074, at *1 n.* (4th Cir. Dec. 30, 2008).

Title 28, United States Code, Section 2244 requires courts to dismiss any "claim presented in a second or successive habeas corpus application under § 2254 that was presented in

a prior application." Further:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Id. Thus, it will be significantly more difficult for Plaintiff to file another § 2254 petition if the Court construes his complaint as a habeas petition. Plaintiff has fourteen (14) days from the date of this Order to contest re-characterization of his complaint or to inform the Court that he would like to dismiss this suit. Should Plaintiff fail to respond to this Order, the Court will re-characterize his complaint as a § 2254 petition and proceed to preliminary review under Rule 4 of the Rules Governing § 2254 Cases. See 28 U.S.C.A. foll. § 2254.

**IT IS, THEREFORE, ORDERED** that Plaintiff has fourteen (14) days from the date of this Order to contest re-characterization of his complaint as a §2254 petition or to inform the Court that he would like to dismiss this suit.

Signed: October 16, 2012

Robert J. Conrad, Jr.
Chief United States District Judge