# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-290-RJC

| | |
|---|---|
| JERMAINE CADE, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| FAYE DANIELS, Administrator, Pamlico Correctional Inst. | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment as to the claims raised by Petitioner in his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion for summary judgment will be granted, and Petitioner's § 2254 petition will be denied and dismissed.

## I.  BACKGROUND

According to the website of the North Carolina Department of Public Safety, Petitioner is a prisoner of the State of North Carolina following his conviction on October 1, 2009, on a charge of trafficking in cocaine, for which he was sentenced to 70 to 84-months' imprisonment, and additional charges which included a second count of trafficking in cocaine; possession of a firearm by a felon; possession with intent to sell or deliver a Schedule II controlled substance; and maintaining a vehicle or dwelling for drug purposes, for which Petitioner was sentenced to a consecutive term of 70 to 84-months' imprisonment for a combined term of 140 to 160-months' imprisonment. (Doc. No. 12-3: Judgment and Commitment Forms). As noted on the Judgment and Commitment Forms, Petitioner was represented by counsel and pled guilty to each of the above charges. Petitioner's projected release date is May 21, 2021. Following imposition of

1

sentence by the superior court, Petitioner did not file a notice of direct appeal.

On September 28, 2010, Petitioner, through counsel, filed a motion for appropriate relief (MAR) in the Buncombe County Superior Court. In the MAR, Petitioner raised Sixth Amendment claims of ineffective assistance of trial counsel. In his first claim, Petitioner argued that his counsel was ineffective in failing to timely deliver a plea offer that he contends was made by the State and had only a one-week lifespan. Petitioner argues that the plea offer, which was for a total term of imprisonment of seven years, was only good for the week of September 21, 2009. By failing to timely inform him of the offer, Petitioner maintains the offer expired and he was ultimately forced to accept a possible maximum of 14-years' imprisonment, which he received, or to proceed to trial "with an attorney who was wholly unprepared to try the case . . ." (Doc. No. 12-4: MAR at 3).

In his second claim for relief, Petitioner argued that his counsel failed to conduct an adequate investigation or request important discovery materials before he advised Petitioner to plead guilty. (Id. at 4). In his third claim for relief, Petitioner asserts that his counsel was ineffective by advising him to plead guilty to the trafficking in a controlled substance by possession charge because there was no factual basis to support the guilty plea. In the fourth claim for relief, Petitioner contends that his counsel was ineffective in advising him to plead guilty to two offenses which constitute the same offense thus subjecting him to Double Jeopardy: trafficking by possession and possession with intent to sell and deliver. (Id. at 6-7).

Petitioner also argues that the State committed reversible error by withholding or destroying exculpatory evidence in violation of his due process rights as protected under the Fourteenth Amendment. (Id. at 7-10). In his request for relief, Petitioner moved for a hearing on the MAR; that he be allowed to withdraw his guilty plea; and that the trafficking by manufacture

conviction be dismissed with prejudice. (Id. at 10-11).

The MAR came on for hearing before a Buncombe County Superior Court Judge and the court found that after examining the court file, the state court found as fact the following: the Petitioner had been placed under oath for his plea hearing on October 1, 2009; that he had averred that he was in fact guilty of the charges against him; that he was satisfied with his lawyer's services, and the plea was knowingly and voluntarily made. The court found that the claims raised in the MAR were without merit and the MAR was therefore denied. (Id., Doc. No. 12-6: MAR Order). On December 20, 2011, the North Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari. Cade v. State of North Carolina, No. P11-1011 (N.C. Ct. App. Dec. 20, 2011). (Id., Doc. No. 12-9).

On September 18, 2012, the Clerk in this district docketed a civil rights complaint filed by Petitioner pursuant to 42 U.S.C. § 1983. Petitioner named a host of defendants that were associated with his State prosecution, including his defense attorney, and investigating officers. Petitioner raised the substance of the claims that he raised through counsel in his failed bid to obtain relief through the MAR proceeding. (Id., Doc. No. 1). This Court conducted an initial review of the pleading, as provided for in 28 U.S.C. § 1915A(a), and found that the relief Petitioner was seeking necessarily called into question the validity of his state convictions and there was no evidence that those convictions had been overturned or otherwise disturbed, and that Petitioner was still incarcerated on those convictions. See, e.g., Heck v. Humprhey 512 U.S. 477 (1994). The Court entered an Order informing Petitioner that his § 1983 complaint would be re-characterized as a petition arising under § 2254 and that he could either voluntarily dismiss the § 1983 complaint or the Court would proceed to review his claims for relief from his convictions under the provisions of § 2254. (Id., Doc. No. 4). Petitioner did not object to an

3

initial review under § 2254, and the Respondent was later ordered to file an answer to the claims raised by Petitioner.

The Respondent filed a motion for summary judgment and attached numerous exhibits related to Petitioner's state prosecution and his MAR proceedings. Petitioner was notified, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his obligation to respond to the motion for summary judgment and of his right to present any evidence to support his claims. Petitioner has filed responses and this matter is now ready for disposition.

**II.     DISCUSSION**

Respondent contends that Petitioner's § 2254 petition is untimely filed and Respondent therefore raises the affirmative defense of the one-year statute of limitation. After considering the record in this matter and the applicable law, the Court finds that Petitioner's § 2254 petition is indeed untimely and that he can present no sufficient grounds to equitably toll the one-year limitations period.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

  Petitioner's criminal judgment was filed on October 1, 2009, and he did not file a direct appeal. Instead, as discussed above, on or about September 28, 2010, Petitioner, through counsel, filed a MAR in Buncombe County Superior Court. For the purpose of calculating the one-year limitations period under § 2244(d)(1)(A), Petitioner had one year from October 1, 2009, to file his MAR.[1] Thus, at the time Petitioner filed the MAR, some 362 days of the one-year limitation period had elapsed. The filing of the MAR tolled the one-year period under § 2244(d)(1)(A) on September 28, 2010, and the clock did not begin to run again while the disposition of the MAR was pending. See § 2244(d)(2) (providing that "the time during which a properly filed application for State post-conviction relief or other collateral review . . . shall not be counted toward any period of limitation under this subsection."). On May 27, 2011, the superior court denied the MAR in its entirety and Petitioner was therefore afforded the statutory right under North Carolina law to petition the North Carolina Court of Appeals for a writ of certiorari to the superior court. Respondent concedes that the one-year period remain tolled until December 20, 2011, the date on which the North Carolina Court of Appeals denied the petition for a writ of certiorari. See (Doc. No. 12 at 9) (citing Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000)).

  Petitioner's § 2254 petition, even when initially filed as a § 1983 complaint, was not filed

---

[1] Respondent contends that because Petitioner entered guilty pleas and received two statutorily correct consecutive sentences that he had not right to file a direct appeal. If that is the case, then Petitioner's judgment became final on October 1, 2009. However, the Court will assume that Petitioner could have filed a direct appeal, whether permissible or not, and find that Petitioner's state judgment became final 14-days after entry of judgment. See N.C. R. App. P. 4(a)(2)(2009). In any event, the Court agrees with the Respondent that the expiration of a 14-day appeal period has no effect on the ultimate outcome in this case. (Doc. No. 12: Respondent's Supporting Brief at 4).

in this district until September 11, 2012, the date on which Petitioner signed the pleading. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (providing that a pleading may be considered filed by a prisoner on the date he signs it delivers it to prison authorities for mailing rather on the date the court receives the pleading for filing).[2] At the time the court of appeals denied his petition for review, 362 days had elapsed of the one-year limitation period, thus it appears that Petitioner must have filed his § 2254 petition, whether first denominated as a § 1983 complaint or as an actual § 2254 petition, by December 23, 2011. Petitioner's § 2254 motion is therefore nearly one year late.[3]

In his response to the Court's Order regarding re-characterizing his § 1983 complaint as a de facto § 2254 petition, Petitioner argues his habeas petition should be considered timely under § 2244(d)(1)(C) based on recent Supreme Court cases that were filed after his state judgment became final. (Doc. No. 5). Petitioner cites the cases of Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012), which were both filed on March 21, 2012. Petitioner contends that his counsel was ineffective in failing to timely communicate the plea offer from the state and in failing to properly advise him during plea negotiations. The two-part test for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687-88 (1984) applies to ineffective assistance claims arising out of the plea bargaining process. Lafler, 132 S. Ct. at 1384; Frye, 132 S. Ct. at 1386-87. However, Petitioner's argument regarding a timely § 2254 petition depends on a finding that in the Lafler and Frye decisions: first, the

---

[2] The Court would assume for purposes of this order that Petitioner delivered his § 1983 pleading for mailing on September 11, the date he signed. His pleading is dated September 11, and his motion to proceed *in forma pauperis* was dated September 10.

[3] The Court finds that Petitioner's § 2254 petition cannot be held timely under § 2244(d)(1)(D) because each of the claims he raises herein, as it pertains to the factual events he alleges occurred at the time of his prosecution and entry of guilty pleas, would have, or certainly should have been known to him at the time he entered his guilty pleas.

Supreme Court announced a newly recognized constitutional right, and second that the newly recognized right has been retroactively applicable on collateral review, and finally, that he filed his § 2254 petition within one year of the date the cases were filed.

Several courts have considered this question and found that Lafler and Frye did not announce a new right rather the Supreme Court simply discussed well-known principles regarding an attorney's constitutional responsibility during plea negotiations. In sum, the many courts that have considered the issue of retroactivity have held that these decisions are not retroactive to cases on collateral review because the Supreme Court did not announce a new rule of constitutional law. See, e.g., In Re Graham, 714 F.3d 1181, 1182-83 (10th Cir. 2013) (per curiam); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 880 (7th Cir. 2012). Based on the foregoing, Petitioner's § 2254 petition is untimely under § 2244(d)(1)(C).

Petitioner also contends that his § 2254 petition should be considered timely under § 2244(d)(1)(C) because it was filed within one year from the date the Supreme Court filed its opinion in Smith v. Cain, 132 U.S. 627 (2012). However, Petitioner's § 2254 petition is likewise untimely here because the Supreme Court did not announce a newly recognized constitutional right. Rather, the Court merely reiterated the impact of the holding in Brady v. Maryland, 373 U.S. 83 (1963), and that the State violates a defendant's rights to due process under the Fourteenth Amendment if it withholds evidence that is favorable to the defense and material to the defendant's guilty or punishment. Thus, this is certainly not a new right which could serve to render the § 2254 petition timely.

Finally, Petitioner cannot benefit from an equitable tolling of the statute of limitation. A habeas petition may be examined on the merits, in very limited circumstances, if it is untimely

7

under § 2244(d). See Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549 (2010). A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at ___, 130 S. Ct. at 2565 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In the present case, Petitioner made the substance of these arguments before the state MAR court and he failed to make a timely application to this Court to further press his claims. The Court finds that Petitioner cannot show that he meets either of the elements to support the extraordinary step of equitably tolling the statute of limitations.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 11).
2. Petitioner's petition for a writ of habeas corpus, (Doc. No. 1), is **DENIED** and **DISMISSED** as untimely;
3. Petitioner's Motion for Extension of Time to File a Response or Reply is **ALLOWED**. (Doc. No. 14).
4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive

procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: 1/24/2014

Robert J. Conrad, Jr.
United States District Judge